UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY LEONARD, et al.,

    Plaintiffs,                                    Civil Action No. 21-CV-10146

vs.                                               HON. BERNARD A. FRIEDMAN

NOKEL LLC, et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO AMEND THE COMPLAINT AND DENYING AS MOOT
DEFENDANTS' MOTIONS TO DISMISS AND TO SEAL**

       This matter is presently before the Court on plaintiffs' motion for leave to amend the complaint [docket entry 14] and defendants' motions to dismiss [docket entry 11] and to seal an exhibit to their response to plaintiffs' motion for leave to amend [docket entry 22]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiffs' motion and deny defendants' motions as moot.

       This is a housing discrimination case. Plaintiffs allege that they rent, or have rented, houses owned by defendants in Detroit's Islandview neighborhood. Defendants allegedly have discriminated against black tenants by not making requested repairs, and to prospective black tenants by not renting to them, in an effort "to change the racial demographics of the neighborhood by displacing black tenants." Compl. ¶ 32. Plaintiffs, who are not black, also allege that defendants have retaliated against them, and against other tenants, for protesting against defendants' discriminatory practices by declining to renew their leases "unless they signed an agreement that would prohibit them from organizing to vindicate their rights under the Fair Housing Act ['FHA'] or support others in exercising their rights under the Fair Housing Act." *Id.* ¶ 92. Plaintiffs further

allege that defendants "have intentionally discriminated against black people on the basis of race, and in doing so unlawfully deprived Plaintiffs the social and professional benefits of living in a racially integrated society." *Id*. ¶ 108.

Plaintiffs assert claims under the FHA, the Elliott-Larsen Civil Rights Act, "illegal contract," breach of contract, "breach of the statutory housing covenants," and for violations of the Michigan Consumer Protection Act. They seek damages and various types of declaratory and injunctive relief.

On February 26, 2021, defendants filed a motion to dismiss the complaint for failure to state a claim. On April 2, plaintiffs filed a motion for leave to amend the complaint to address the pleading defects that are the basis of defendants' motion to dismiss.[1] Plaintiffs' proposed amended complaint would also assert claims that recently accrued regarding defendants' alleged failure to return plaintiffs' security deposits. Defendants oppose the motion for leave to amend on the grounds that the proposed amendment would be futile. Defendants also seek leave to file under seal an exhibit to their response to plaintiffs' motion to amend.

Under Fed. R. Civ. P. 15(a)(2), "the court should freely give leave [to amend] when justice so requires." "[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted). Leave to amend may be denied on various grounds, including "futility of amendment." *Harris v. Davidson Cty. Sheriff*, No. 19-5041, 2019 WL 7573883, at *3 (6th Cir.

---

[1] Had plaintiffs acted more quickly, they could have filed their proposed amended complaint as a matter of course. Under Fed. R. Civ. P. 15(a)(1)(B), a complaint may be amended as a matter of course within "21 days after service of a motion under Rule 12(b)." The 21-day period expired in this case on March 19, two weeks before plaintiffs filed the instant motion.

Dec. 11, 2019) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A motion to amend is futile where a proposed amendment would not survive a motion to dismiss." *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 329 (6th Cir. 2020) (citation and internal quotation marks omitted).

In the present case, the Court is not persuaded that the proposed amended complaint is futile. The proposed amended complaint adds allegations which strengthen plaintiffs' claims of defendants' discriminatory intent, the qualifications of prospective black tenants whose rental applications were denied, defendants' preferential treatment of nonpaying white tenants versus nonpaying black tenants, defendants' efforts to prevent tenants from protesting against perceived discrimination, defendants' alleged failure to return plaintiffs' security deposits, and defendants' alleged preferential treatment of white versus black tenants as regards repairs. *See, e.g.,* Proposed Am. Compl. ¶¶ 41, 56, 66, 80-82, 100-101, 111-20, 134-35, and 241-53. If defendants wish to seek dismissal of the amended complaint, the Court prefers that they do so by filing a motion seeking this relief after the amended complaint has been filed, rather than seeking to prevent the amended complaint from being filed on grounds of futility. This will enable the Court to evaluate the sufficiency of plaintiffs' claims with the benefit of more complete briefing. Accordingly,

IT IS ORDERED that plaintiffs' motion for leave to amend the complaint is granted. Plaintiffs may file their proposed amended complaint within five days of the date of this order.

IT IS FURTHER ORDERED that defendants' motion to dismiss, which addresses plaintiffs' original complaint, is denied as moot.

IT IS FURTHER ORDERED that defendants' motion to file under seal an exhibit to their response to plaintiffs' motion to amend is denied as moot.

                                                   s/Bernard A. Friedman
                                                   BERNARD A. FRIEDMAN
Dated: May 6, 2021                       SENIOR UNITED STATES DISTRICT JUDGE
      Detroit, Michigan